UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENDRICK TYRON PERRY,
SR.,

    Plaintiff,

v.                              Case No. 2:24-cv-313-SPC-NPM

JOSHUA ROSS and
CARMINE MARCENO,

    Defendants.
_____/

# ORDER

Before the Court is a sua sponte review of the Complaint for Violation of Civil Rights. (Doc. 1). For the below reasons, the Court dismisses the Complaint under 28 U.S.C. § 1915.

Plaintiff Kendrick Tyron Perry, Sr. brings this pro se suit under 42 U.S.C. § 1983 alleging Defendants used excessive force to arrest him and have falsely imprisoned him in violation of the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. Prompting this suit was an encounter between Plaintiff and Deputy Sheriff Joshua Ross. According to Plaintiff, "Officer Joshua Ross . . . illegally detained [his] 17 year old daughter & questioned her as well as took statements w/o [him] present as [he] arrived [he] was attacked, defamed, mased, and incarcerated unlawfully." (Doc. 1 at 5). From there,

Plaintiff claims he was "detained, attacked, mased, and unlawfully incarcerated by Joshua Ross under the false premises 1) Resisting arrest obstruction of justice w/o violence 2) property damage/criminal mischief 3) Battery on a Special Personnel." (Doc. 1 at 5-6). He thus claims "Defendants are liable to [him] for violations of due process of law by way of threat, force, & duress holding plaintiff for ransom under false premises of codes & statutes." (Doc. 1 at 4).

Plaintiff is currently a pretrial detainee for the criminal charges resulting from his arrest by Officer Ross.[1] As of last week, he pleaded not guilty to the criminal charges of battery on a law enforcement officer, first and second-degree criminal mischief, and resisting/obstructing officer without violence.

While Plaintiff's criminal case is pending, he wants to proceed in forma pauperis here. Under 28 U.S.C. § 1915(a)(1), the courts may allow filing a civil suit without prepayment of fees if the plaintiff submits an affidavit that (1) shows all his assets and inability to pay the filing fee; and (2) includes a statement on the nature of the action which shows he has the right to redress. Even if the plaintiff proves indigence, courts must dismiss the action if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The state criminal case is styled as *State of Florida v. Perry*, No. 24-CF-014955 (Fla. Cir. Ct.), and the Court takes judicial notice of the public documents filed to date.

Whether a complaint fails to state a claim follows the same familiar principles governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under that standard, the Court must decide whether the complaint has "sufficient factual matter, accepted as true, to state a claim upon which relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Id.* at 555. And courts must hold pleadings filed by pro se litigants to a less stringent standard than those that lawyers file. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

As best the Court can tell, Plaintiff wants it to intercede in his criminal case because Defendants allegedly violated his constitutional rights along the way. But federal courts cannot intervene in ongoing state criminal proceedings except in extraordinary circumstances and upon clearly showing both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971). Without the extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. *Thompson v. Wainwright*, 714 F.2d 1495 (11th Cir. 1983). The exceptions to *Younger* are narrow and apply only if there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative

state forum when the plaintiff's constitutional issues can be raised. *See Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 6 (11th Cir. 2004).

No *Younger* exception applies here. Nor do extraordinary circumstances justify the Court's involvement in Plaintiff's ongoing state criminal case. All Plaintiff's constitutional claims stem from his encounter with Officer Ross that led to his criminal charges of battery on a law enforcement officer, criminal mischief, and resisting an officer. Because Plaintiff's allegations are so intertwined with his criminal case, this federal suit would interfere with the authority of the state court. Thus, the Complaint must be dismissed.

Accordingly, it is

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED**.

2. The Clerk is **DIRECTED** to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 11, 2024

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record